IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12 CR 88-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| BRADLEY DALE ADKINS, | ) | |
| | ) | |
| Defendant. | ) | |

THIS CAUSE came on to be heard before the undersigned upon a Violation Report (#54) filed in the above entitled cause by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant had violated terms and conditions of his presentence release. At the call of this matter on for hearing it appeared Defendant was present with his counsel, Al Messer, and the Government was present through Assistant United States Attorney, Don Gast. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Government moved to amend paragraph 1 of the Violation Report to read as follows:

1

**DRUG USE**
The defendant has violated the condition of bond that states "the defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner," in that on 11/26/13 the defendant admitted to taking Xanax.

The Defendant, after the amendment was allowed, admitted with explanation that violation and further admitted the allegations contained in allegation No. 2. The Government introduced, without objection, the amended Violation Report into evidence. Testimony was then presented by the Government through Officer Gerald L. Patton, United States Probation Officer.

Defendant was charged in a bill of information (#1) filed on September 14, 2013 with public corruption conspiracy in violation of 18 U.S.C. § 371 and in count two with embezzlement in violation of 18 U.S.C. § 666(a)(1)(A). On September 24, 2012 Defendant entered a plea of guilty to both offenses and was released by the undersigned pursuant to terms and conditions of release (#15). The terms and condition of release included the following:

(8)(p) Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(8)(q) Defendant is to submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is

using a prohibited substance. Any testing may be used with random frequency and include urine screening, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.

On November 26, 2013, the Defendant admitted to taking Xanax. Defendant advised his U.S. Probation Officer that he had a prescription for this medication but he never produced the prescription. In his Presentence Report, Defendant had advised the reporting U.S. Probation Officer that the only medication he had been taking was methadone. On November 26, 2013 the Defendant, while giving a urine sample, it was discovered that Defendant had concealed in his underwear a small bottle that was wrapped in duct tape in which was located urine that Defendant had stored and which he was attempting to provide to the U.S. Probation Officer as his urine sample. His intent in doing so was so his use of Xanax would be undetected.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial

officer -----

>   (1) finds that there is----
>   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>   (B) clear and convincing evidence that the person has violated any other condition of release; and
>   (2) finds that ---
>   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>   (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Pursuant to the provisions of 18 U.S.C. § 3143(a)(1) the Defendant, who has pled guilty to counts one and two of the bill of information, now has the burden to establish by clear and convincing evidence that his release would not create a risk of harm or danger to any other person or the community and would not create a risk of flight on his part.

Based upon the evidence, the undersigned finds by clear and convincing evidence that Defendant has violated the conditions of release that ordered him to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless it was prescribed by a license medical

practitioner and further that the Defendant has obstructed or attempted to obstruct the efficiency and accuracy of his prohibited substance testing. The undersigned further finds that based upon the evidence and the factors as set forth under 18 U.S.C. § 3142(g) and 18 U.S.C. § 3143 there are no conditions or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community and the Defendant, due to his actions in violating the terms and conditions of supervised release is unlikely to abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending sentencing and further proceedings in this matter.

Signed: February 11, 2014

*[signature]*

Dennis L. Howell
United States Magistrate Judge

5