IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-CR-00088-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BRADLEY DALE ADKINS, | ) |
| Defendant, | ) |
| and | ) |
| | ) |
| RPM INDUSTRIAL COATING GROUP, INC., | ) |
| Garnishee. | ) |

## ORDER OF CONTINUING GARNISHMENT

This matter is before the Court on the Answer of Garnishee (Doc. 130), RPM Industrial Coating Group, Inc. ("Garnishee"), and the Government's Motion for Order of Continuing Garnishment (the "Motion," Doc. 131).

I. Relevant Background

On June 4, 2014, Defendant was sentenced to time served and a term of supervised release of three (3) years. Doc. 89. Defendant was also ordered to pay a $200.00 assessment and restitution in the amount of $85,305.59.

On January 6, 2023, the Court issued a Writ of Continuing Garnishment (the "Writ," Doc. 127).

The Government states that a garnishment package containing the Writ

1

and Instructions to Defendant was sent to Defendant by certified mail on January 10, 2023. Doc. 131 at ¶ 4. This package, however, was subsequently returned as undeliverable/unclaimed. Id. at 2, n.1.

A separate package was sent to the Garnishee, also by certified mail, on January 10, 2023. Id. at ¶ 4.

On February 14, 2023, the Garnishee filed an "Employer Acknowledgment of Wage Withholding" which indicates that the Garnishee has in its custody, control, or possession, non-exempt property or funds owned by or owing to Defendant. Doc. 130. This document is shown on the docket as being the Garnishee's Answer.

No certificate of service was attached to the Answer and, as noted above, the original package that was sent to Defendant was not delivered.

However, the record indicates that the Government re-sent the garnishment documents, along with a copy of the Garnishee's Answer, to Defendant on February 15, 2023, and that this information was received by Defendant on February 16, 2023. Docs. 131 at ¶ 7, 131-2.

By the Motion, the Government now seeks an Order of Continuing Garnishment.

## II.  Legal Standards

When the Government commences an action to enforce a judgment through the postjudgment remedies described in the Federal Debt Collection

2

Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001, et seq., it must prepare, and the clerk of court must issue, a notice in substantially the same form as the notice that appears in 28 U.S.C. § 3202(b) (the "3202(b) Notice"). A copy of the application for the postjudgment remedy being sought, along with a copy of the 3202(b) Notice, is to be served by counsel for the Government on the debtor. 28 U.S.C. § 3202(c). Within 20 days after receiving the 3202(b) Notice, the debtor may request that the court hold a hearing and quash the order granting the Government's application. 28 U.S.C. § 3202(d).

In addition, when a garnishee responds to a writ of garnishment, the garnishee is to file its original answer with the court that issued the writ and to "serve a copy on the debtor and counsel for the United States." 28 U.S.C. § 3205(c)(4). The debtor or the United States may file a written objection to the garnishee's answer and request a hearing "within 20 days after receipt of the answer." 28 U.S.C. § 3205(c)(5).

### III. Discussion

In this case, the record indicates that the garnishment materials, including a copy of the Garnishee's Answer, were received by Defendant on February 16, 2023. The instant Motion was filed on March 23, 2023. Defendant has made no objection to the garnishment materials and neither Defendant nor the Government has raised any objection to the Garnishee's Answer.

Further, Defendant has not made any filings in response to the Government's Motion, and the time for doing so has expired.

IT IS THEREFORE ORDERED THAT:

1. The Government's Motion for Order of Continuing Garnishment (Doc. 131) is **GRANTED**; and an Order of Continuing Garnishment is **ENTERED** in the amount of $41,542.07, which is the balance of the debt as calculated through January 5, 2023, as represented by the Government.

2. The Garnishee is **DIRECTED** to pay the United States the maximum garnishment allowed pursuant to 15 U.S.C. § 1673.

3. The payments shall continue until the subject debt is paid in full, until the Garnishee no longer has custody, possession, or control of any nonexempt property belonging to Defendant, or until further Order of the Court, whichever first occurs.

Signed: April 27, 2023

W. Carleton Metcalf
United States Magistrate Judge